USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JOSE JOAQUIN RAMIREZ,  :

                Plaintiff,  :  18 Civ. 3486 (VEC)(HBP)

  -against-  :  OPINION
                              AND ORDER

OFFICER LEWIS, Individual  :
Capacity (Badge # 10537 or
10735), et al.,  :

                Defendants.  :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        Plaintiff, who appears to be a pretrial detainee in the custody of the New York City Department of Corrections, commenced this action for injunctive relief and damages, alleging that he has been subjected to illegal strip searches and denied appropriate medical care for injuries he allegedly sustained when he refused to submit to strip searches. Specifically, plaintiff alleges that he suffered mental anguish and injuries to his hands, wrists and shoulders when he refused to submit to the strip searches.

        On August 28, 2018, in response to an application from defendants, I ordered plaintiff to provide defendants with a HIPAA-compliant release for his medical records no later than September 18, 2018. Instead of providing the release, plaintiff provided defendants' counsel (and the Court) with what appears to

be a complete copy of his medical records since his receipt at the Anna M. Kross Correctional Facility.

As a result of his claiming mental and physical injuries, plaintiff has put his mental and physical condition in issue, and defendants are, therefore, entitled to conduct discovery concerning these matters. Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964); Knoll v. Merrill Corp., 02 Civ. 566 (CSH)(DFE), 2004 WL 1417949 at *1 (S.D.N.Y. June 23, 2004)(Eaton, M.J.); Hodges v. Keane, 145 F.R.D. 332, 334 (S.D.N.Y. 1993) (Sotomayor, D.J.). In addition, defendants are entitled to obtain plaintiff's medical records directly from the health care providers who examined or treated plaintiff to ensure that plaintiff is not holding any records back.

Plaintiff has not articulated any valid basis for refusing to sign a release for his medical records. He has not, for example, claimed that defendants are attempting to seek records concerning potentially irrelevant or embarrassing physical or mental conditions. To the contrary, the records that plaintiff has himself provided address physical issues beyond those alleged in the complaint.[1]

---

[1]To the extent plaintiff is claiming that defendants' counsel is required to have an in-person meet and confer with plaintiff prior to seeking judicial relief, I am waiving the meet-and-confer require because plaintiff is incarcerated and defendants' are clearly entitled to the release they seek. Thus, an in-person meet and confer would be both burdensome and
(continued...)

Accordingly, I shall give plaintiff one final opportunity to comply with my August 28, 2018 Order. Plaintiff is directed to provide counsel for defendants with a HIPAA compliant release for his medical records (relating to both his physical and mental conditions) no later than December 13, 2018. **IF PLAINTIFF FAILS TO COMPLY WITH THIS ORDER IT IS MY INTENTION TO ISSUE A REPORT AND RECOMMENDATION RECOMMENDING THAT THE ACTION BE DISMISSED PURSUANT TO FED.R.CIV.P. 37(b) FOR PERSISTENT FAILURE TO COMPLY WITH A DISCOVERY ORDER.**[2]

The clerk of the Court is respectfully requested to mark Docket Items 17 and 20 closed.

Dated: New York, New York
November 13 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copy mailed to:

Mr. Jose Joaquin Ramirez
NYSID: 02550757R
B&C No. 8951800176
Anna M. Kross Correctional Facility
18-18 Hazen Street
East Elmhurst, New York 11370

---

[1](...continued)
pointless.

[2]Assuming that plaintiff complies with this Order, defendants are directed to provide plaintiff with copies of all medical records that they receive pursuant to the release.

3

Copy transmitted to:

Counsel for Defendants