USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/26/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
JOSE JOAQUIN RAMIREZ,

                                 Plaintiff,

                             -against-

OFFICER LEWIS (Individual Capacity) (Badge #10537 or 10735); NEW YORK CITY DEPARTMENT OF CORRECTIONS; CITY OF NEW YORK;

                                Defendants.
------------------------------------------------------------ X

18-CV-3486 (VEC)

MEMORANDUM AND ORDER

VALERIE CAPRONI, United States District Judge:

On April 18, 2018, *pro se* Plaintiff Jose Joaquin Ramirez commenced this lawsuit for money damages and injunctive relief under 42 U.S.C. § 1983 against the City of New York and a correctional officer at one of the City's facilities. *See* Dkt. 2. On May 25, 2018, this Court referred the case to Magistrate Judge Pitman for general pretrial proceedings and for the preparation of reports and recommendations on any dispositive motions pursuant to 28 U.S.C. § 636(b). *See* Dkt. 7. On June 8, 2018, Plaintiff filed a "motion for injunctive relief to stop unreasonable strip searches." *See* Dkt. 9. On November 2, 2018, Judge Pitman delivered a thorough and detailed report recommending that Plaintiff's motion be denied. *See* Dkt. 22. A copy of that report was mailed to Plaintiff that same day. *Id.*

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.

R. Civ. P. 72(b)(3); *see also, e.g.*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Where no timely objection has been made by either party, a district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (internal quotation marks omitted).

Here, neither party has filed timely objections to Judge Pitman's report and recommendation, so the Court reviews it for clear error. The Court finds none. The report applies the correct standard for assessing a party's entitlement to a preliminary injunction, *see* Dkt. 22 at 3-4 (applying *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)), and concludes that Plaintiff's application lacks a probability of success on, and fails to raise serious questions going to, the merits of his claim that Defendants have unconstitutionally strip-searched him or will do so again in the future, *see id.* at 4-6 (citing, among many other authorities, *Walker v. Ponte*, No. 14-CV-8507, 2016 WL 4411415, at *4-5 (S.D.N.Y. Aug. 18, 2016)). The report notes, moreover, that "Plaintiff neither alleges, nor offers evidence of, any facts suggesting that the strip searches to which he was subjected were unreasonable" or abusive under the Fourth Amendment, a finding this Court's review of the record confirms. Dkt. 22 at 6. The Court finds no reason to disagree with the report, let alone to identify any clear error therein.[1]

## CONCLUSION

Because careful review of the report reveals no clear errors therein, the Court adopts the report in full, and Plaintiff's application for injunctive relief [Dkt. 9] is denied. The report and recommendation having given the parties adequate warning, the parties' failure to file written objections to the report precludes appellate review of this decision. *See Caidor v. Onondaga*

---

[1] As to Defendants' unexplained failure to submit any papers responsive to Plaintiff's motion for injunctive relief, the Court warns counsel that future such defaults may result in sanctions.

*County*, 517 F.3d 601, 604 (2d Cir. 2008); *see also* Dkt. 22 at 7 ("Failure to object within fourteen (14) days **will** result in a waiver of objections and **will** preclude appellate review." (capitalization altered)).

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 9.

**SO ORDERED.**

Date: **November 26, 2018**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**