USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/19/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JOSE JOAQUIN RAMIREZ,

                        Plaintiff,

                -against-

OFFICER LEWIS (Individual Capacity) (Badge #10537 or 10735); NEW YORK CITY DEPARTMENT OF CORRECTIONS; CITY OF NEW YORK,

                      Defendants.
------------------------------------------------------------ X

18-CV-3486 (VEC)

MEMORANDUM OPINION
AND ORDER

VALERIE CAPRONI, United States District Judge:

*Pro se* Plaintiff Jose Joaquin Ramirez brought this action seeking money damages and injunctive relief under 42 U.S.C. § 1983 against the City of New York, the Department of Corrections ("DOC"),[1] and a correctional officer at one of the City's facilities on Riker's Island. Plaintiff alleges that, on March 29, 2018, officers approached him to conduct a strip search; when Plaintiff refused, the officers tied his wrists behind his back for an hour as they searched his belongings. The officers then removed the ties on his wrists and placed him in an isolated cell for several hours. According to Plaintiff, the officers and passing medical staff ignored his complaints about shoulder pain from having his wrists tied behind his back, which he alleges has resulted in permanent injury and chronic pain. Construed liberally, Plaintiff asserts claims of unconstitutional strip search, excessive force, deliberate indifference to medical needs, and denial of due process in violation of the Fourth and Fourteenth Amendments.

---

[1]     DOC was dismissed as a Defendant on May 25, 2018. Order of Service (Dkt. 6).

The Court referred this case to Magistrate Judge Pitman for general pretrial proceedings and for the preparation of reports and recommendations on any dispositive motions pursuant to 28 U.S.C. § 636(b). Order (Dkt. 7). On November 26, 2018, this Court adopted Judge Pitman's report and recommendation denying Plaintiff's "motion for injunctive relief to stop unreasonable strip searches." Mem. & Order (Dkt. 27). Defendants later moved to dismiss the original complaint (Dkt. 33), and Plaintiff filed an Amended Complaint in response (Dkt. 41). On May 21, 2019, Plaintiff filed a Second Amended Complaint. SAC (Dkt. 56).

Defendants have moved to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). Mot. (Dkt. 63). This case has since been reassigned to Magistrate Judge Cave. In a comprehensive and reasoned Report issued on January 24, 2020, Judge Cave recommended that Defendants' motion be granted. R. & R. (Dkt. 91). A copy of the Report was mailed to Plaintiff on January 27, 2020. The Report recommends two independent bases for dismissal: first, that Plaintiff did not exhaust his administrative remedies as required under Section 803 of the Prison Litigation Reform Act ("PLRA"), R. & R. at 8–13, and second, that Plaintiff failed to state a claim for relief under 28 U.S.C. § 1983, R. & R. at 13–29. This Court granted Plaintiff's request for additional time to object to the Report and received a timely objection on February 26, 2020. Pl.'s Obj. (Dkt. 96). Defendants have submitted no response.

For the following reasons, the Court adopts the Report in part.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine

2

*de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also, e.g.*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Objections, however, "may not be 'conclusory or general,' and the parties may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (citation omitted). Although "[t]he objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest,'" *Petyan v. N.Y.C. Law Dep't*, No. 14-CV-1434, 2015 WL 4104841, at *1 (S.D.N.Y. July 2, 2015) (citation omitted), the objections still "must be specific and clearly aimed at particular findings," *Harden v. LaClaire*, No. 07-CV-4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008); *see also Schildwachter v. Berryhill*, No. 17-CV-7277, 2019 WL 1115026, at *1 (S.D.N.Y. Mar. 11, 2019) (holding that in order to preserve objections for appeal, the objections "must refer 'to specific findings or recommendations' in the R&R and must support their positions with legal authority") (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). To the extent that a party "makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. June 3, 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (quotation omitted).

The Court finds two properly presented objections in Plaintiff's submission. First, Plaintiff objects to dismissal of his claims for failure to exhaust administrative remedies because,

according to Plaintiff, there was no applicable grievance process, citing *Taylor v. Swift* ("*Swift*"), 21 F. Supp. 3d 237 (E.D.N.Y. 2014). Pl.'s Obj. ¶¶ 8–14. Second, Plaintiff objects that Judge Cave should have converted Defendants' motion to dismiss into a motion for summary judgment. *Id.* ¶¶ 30–31. The Court addresses each in turn.

Because exhaustion is an affirmative defense, it must be clear from the face of the complaint that administrative remedies have not been fully exhausted for a court to dismiss a claim on those grounds. *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016); *see also Taylor v. City of New York*, No. 16-CV-7857, 2018 WL 1737626, at *4 (S.D.N.Y. Mar. 27, 2018). Here, "[t]he DOC's Inmate Grievance Resolution Program ('IGRP') lays out a standard process for adjudicating inmate complaints."[2] *Tartt v. City of New York*, No. 12-CV-5405, 2014 WL 3702594, at *2 (S.D.N.Y. July 16, 2014).

The Court accepts Plaintiff's objection that his claims were "non grievable" under the IGRP and so cannot be dismissed for a failure to exhaust. *See* Pl.'s Obj. ¶¶ 12–13. "Because assault claims are explicitly excluded from the IGRP process, several courts have held that prisoners do not fail to exhaust administrative remedies when they file claims in federal court related to allegations of assault before attempting to complete the IGRP process." *Taylor*, 2018 WL 1737626, at *4 (collecting cases); *see also Tartt*, 2014 WL 3702594, at *4 ("[The City of New York] agree[s] that [the plaintiff's] excessive force claim is not subject to the DOC grievance process." (quotation omitted)). Indeed, Defendants did not argue that Plaintiff was required to exhaust any remedies related to his excessive force claim. *See* Defs.' Mem. of Law (Dkt. 66) at 5. In arguing that Plaintiff must exhaust the IGRP process for his unconstitutional strip search and deliberate indifference to medical needs claims, *id.*, Defendants "attempt to slice

---

[2] This Court takes judicial notice of the IGRP, as courts in this Circuit routinely do. *See Myers v. City of New York*, No. 11-CV-8525, 2012 WL 3776707, at *4 n.6 (S.D.N.Y. Aug. 29, 2012) (collecting cases).

4

[P]laintiff's claims too thinly." *Taylor*, 2018 WL 1737626, at *5. All of Plaintiff's claims arise from the same March 29, 2018, incident surrounding his allegations of assault. "The IGRP Directive does not require inmates to parse out and exhaust any grievable aspects of their assault complaints before filing suit." *Id.* This Court agrees with Judge Buchwald that grafting such a requirement onto the IGRP would render it "so complex that 'no ordinary prisoner [could] discern or navigate it.'" *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016)). The Court thus does not adopt the Report's recommendation to dismiss the SAC for failure to exhaust.

Plaintiff also objects to the Report for "drawing on the MRI results" he submitted without converting Defendants' motion to dismiss to one for summary judgment. Pl.'s Obj. ¶¶ 30–31; *see also* Mot. to Convert (Dkt. 84); Not. of MRI Exams (Dkt. 85); Results of Exams (Dkt. 86). The Court overrules this objection. Although the Report summarizes the MRI results in its background section, it does not rely upon those results in recommending that Plaintiff's claims be dismissed for failure to state a claim. *See* R. & R. at 15–16 (unconstitutional strip search), 19–21 (excessive force), 23–26 (deliberate indifference to medical needs), 27–28 (denial of due process). In any event, the Report's findings fall well within the confines of the SAC and Plaintiff's opposition papers and submissions, as is proper on a motion to dismiss. *See Rodriguez v. Rodriguez*, No. 10-CV-891, 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013) ("[W]hen analyzing the sufficiency of a pro se pleading, a court may consider factual allegations contained in a pro se litigant's opposition papers and other court filings.").

Plaintiff's remaining objections follow one formula: he asserts that the Report ignores the arguments presented in his opposition to the motion to dismiss and urges this Court to reconsider and adopt them here. Because such objections are not "clearly aimed at particular findings,"

*Harden*, 2008 WL 4735231, at *1, but rather "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," *Ortiz*, 558 F. Supp. 2d at 451 (quotations omitted), the Court reviews the remainder of the Report for clear error. Upon careful review, the Court finds no error and, accordingly, adopts the Report's recommendation to dismiss Plaintiff's claims for failure to state a claim without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report in part. Defendants' motion to dismiss the Second Amended Complaint is GRANTED without leave to amend, and this case is dismissed with prejudice. The Clerk of Court is respectfully directed to terminate all open motions and close this case.

**SO ORDERED.**

**Date: March 19, 2020**
**New York, New York**

　　　　　　　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**